BaRkey, J.,
delivered the “opinion of the court:
The case arises upon a claim for mileage by an officer of volunteers who served during the Spanish Avar.
There is no dispute as to the. facts in the case, which are substantially as follows: The claimant was mustered into service as a captain and assistant surgeon of the Second Regiment Ohio 'Volunteers in May, 1898, and Avas mustered out with said regiment, Avith the same rank, in February, 1899. During a part of his term of service he was on detached duty in Cuba and Porto Rico. While on such detached duty some time in the month of October, 1898, he was taken sick, and remained in the hospitals in Porto Rico until some time in November, 1898, when he receded oral orders from Major Eagan, chief surgeon,' Department of Ponce, to proceed bjr next transport to Washington, D. C., and report to the Surgeon-General for further orders. In consequence of such orders he was transferred to the Government transport Obclam on or about November 3; 1898, on which he traveled via New York City to Washington, D. C., where he reported to the Surgeon-General. On November 21 following he was granted leaA^e of absence for two months, upon the expiration of which leave he proceeded to report to his regiment, then stationed at Macon, Ga., where he was mustered out of service in the month of February following.
While performing the travel, as stated, he furnished his own subsistence and paid his transportation, with the exception that he paid no transportation on the transport between Ponce ancl New York City, N. Y.
*244 On February 9, 1899, just prior to his being mustered out of the service, the Secretary of War approved the travel for which claims is made herein, by the following special order:
“ Special Order,) “ HeadquaRteRs oe Army,
“Adjutant-General's
No. 33. ) “ Washington, February 9,1899.
[Extract.]
“ 69. By direction of the Secretary of War the journeys performed by Captain C. L. Mueller; assistant surgeon 2d Ohio Volunteer Infantry, November 4 to 13, 1898, from Coamo, Porto Pico, to Washington, District of Columbia, upon oral orders from the chief surgeon, Department of Ponce, and from this city to Macon, Georgia, the station of his regiment, are approved by the Secretary of War as necessary for the public service.
“ By command of Major-General Miles:
“ H. C. Corbin.

“A djutant- General

The claim was presented to the accounting officers of the Treasury, but payment was refused. •
The act of March 3, 1883 (22 Stat. L., 4-56), referring to the payment of mileage for travel of officers of the Army provides that “ from and after the passage of this act * * * the necessity for such travel in the military service shall bo certified'to by the officer issuing the order and stated in said order.”
Sections 69 and 70 of the Army Regulations for 1895 are as follows:
“ 69. Staff officers not serving under department commanders will apply to the War Department for orders directing necessary travel on public business.
“70". When urgent public duty has compelled travel without authority previously obtained, the case will be immediately reported to the proper superior officer, whose approval in subsequent orders will be accepted as though previously issued.”
We see no lack of harmony between the act of March 3, 1883, and the Army Regulations above cited; in fact it would appear that the exigencies of the service demand that they be construed together. We think, therefore, that the *245 subsequent approval by the Secretary of War of the previous oral order of the superior officer of the claimant and the certification of its necessity constitute a substantial compliance with the law in regard to mileage, and that the claimant is entitled to recover.
It has long been held that the rule of the common law relative to the ratification of the unauthorized acts of an agent is as applicable to the obligations of the Government as of individuals (Fremont & Jackson’s case, 2 C. Cls., 461), and that the subsequent approval by the head of an Executive Department where approval is necessary relates back, wherever given, to the date of the transaction. (Power’s case, 18 C. Cls. R., 263, 276.)
Judgment is therefore ordered for the claimant in the sum of one hundred twenty-nine dollars and six cents ($129.06).